For Online Publication Only

FILED
CLERK

3/7/2025 11:38 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
KAREN SERANI,

                   Plaintiff,

    -against-

GLEN COVE CITY SCHOOL DISTRICT,

                 Defendant.
-----------------------------------------------------X

**ORDER**
23-cv-7909 (JMA) (JMW)

**AZRACK, UNITED STATES DISTRICT JUDGE:**

    Currently pending is a motion to dismiss the Complaint filed by Defendant Glen Cove City School District (the "District"). For the reasons stated below, the Court grants Defendant's motion to dismiss and dismisses this case.

## I. BACKGROUND

    As of 2021, Plaintiff Karen Serani had worked at the District for over thirty years as a health and physical education teacher. (Compl. ¶ 14.) Serani had worked as a physical education teacher for over 25 years at an elementary school in the District. (Id. ¶ 15.) She primarily taught physical education and the only health class she had taught was a lesson about puberty to fifth graders once a year. (Id.) During a brief time in the 1990s, Serani worked at the middle school in the District. (Id. ¶ 16.)

    In 2021, the District's Director of Health, Physical Education, and Athletics resigned. (Id. ¶ 16.) Kim Riso—who was, at the time, the only female health and physical teacher at the high school—was subsequently elevated to the position of Interim Director. (Id. ¶¶ 17–18.) Because the students change clothes during gym class in high school, a female teacher was needed to replace Riso. (Id. ¶¶ 19–20.) The District hired a young female teacher to replace to Riso, but

she was not certified to teach health.  (Id. ¶ 21.)  Serani, however, was certified to teach health. (Kleinberg Decl., Ex. A, ECF No. 20-1.)[1]

At a meeting on December 17, 2021, the District's Superintendent met with Serani and informed her that she would be transferred to the high school to finish the 2021-2022 school year where she would teach both physical education and health.  (Compl. ¶ 22.)

According to the Complaint, "Serani was inconsolable and upset about the transfer because she was the most senior, near retirement teacher now faced with a transfer to the High School that was going to be overwhelmingly difficult."  (Id. ¶ 23.)  Serani was upset because she had not taught high school students and the transfer would require her to work more hours to learn the high school's curricula, policies, and procedures.  (Id. ¶ 24.)

According to the Complaint, Serani was so distraught at the transfer that she was not eating or sleeping and was suffering from panic attacks and anxiety.  (Id. ¶ 26.)  Her physician wrote her an absence note indicating that she was suffering "physical and emotional illness symptoms of panic anxiety" as a result of the meeting about her transfer.  (Id. ¶ 27.)  Serani then "came under the care of a Psychologist and Psychiatrist, who diagnosed her with Post Traumatic Stress Disorder [("PTSD")]."  (Id. ¶ 28.)  In December 2021, Serani requested leave pursuant to the Family Medical Leave Act ("FMLA").  (Id. ¶ 29.)  The District granted her FMLA leave from January 12, 2022 through April 12, 2022.  (Id. ¶ 28.)

On July 19, 2022, Serani filed a complaint with the New York State Division of Human Rights charging the District with age discrimination.  (Id. ¶ 29.)

---

[1] Serani concedes that, in deciding the instant motion to dismiss, it is appropriate for the Court to consider all the documents cited in this section's recitation of the facts.  (Pl. Opp'n Mem. at 6.)  All these documents are referenced in, or integral to, the Complaint.  The Court has not considered the other documents that Defendants have attached to their motion to dismiss.  It unnecessary to address whether the Court could consider any of those additional documents because the Court grants Defendant's motion to dismiss based on the record cited herein.

Due to her conditions, Serani requested two additional leaves of absences, which were granted and ultimately expired on October 31, 2022. (Id. ¶ 31.)

Before these leaves expired, Serani submitted documents requesting a "catastrophic leave of absence, due to her new diagnosis of Chronic PTSD." (Id. ¶ 32.) The operative collective bargaining agreement ("CBA") between the District and Serani's union provides for "Catastrophic Medical leave," a form of paid leave. (CBA at 33–35, Kleinberg Decl, Ex. D.) The relevant sections of the CBA state:

> If a full-time teacher's illness is of a catastrophic nature, a doctor's certification, as per Appendix K, and FMLA forms must be submitted as soon as possible. Full-time teachers whose cumulative allowance is exhausted by reason of personal illness shall go on catastrophic medical leave at the expiration of cumulative leave as follows and subject to the conditions below:
>
> 1. An illness qualifying for use of catastrophic medical leave is defined as an illness of at least thirty (30) consecutive calendar days, is a catastrophic illness or injury requiring hospitalization, institutionalization, confinement to bed or has resulted in the teacher's <u>complete inability to perform each and every duty of a teacher's regular occupation</u>.
>
> 2. A catastrophic illness must be verified in a written statement by a teacher's attending physician using the doctor's certificate in Appendix K. Periodic verification of continuance of need may be requested by the Superintendent from the teacher's physician.

(CBA at 33–34 (emphasis added).)

In support of her application for catastrophic leave, Serani submitted two documents from her medical providers to the District. On October 6, 2022, Serani's physician. Satingerjit Hayre, D.O., completed a "Catastrophic Medical Leave of Absence Certificate." (Provider Letters, Kleinberg Decl, Ex. C.) Dr. Hayre checked the box for "Catastrophic Illness" on the certificate and indicated that Serani "continues to have symptoms from chronic PTSD that <u>impair ability to carry out</u> [activities of daily living] and <u>work duties</u>." (Id. (emphasis added).) That same day, Serani's psychologist signed a letter indicating that Serani suffers from chronic PTSD which

3

"impairs" Serani's thinking, planning, concentrating," and other functions. (Id.) Serani's psychologist opined that that this "catastrophic illness of Chronic PTSD impairs her ability to work full or part time."[2] (Id.)

The District requested "additional medical documentation from" Serani's primary care physician. (Comp. ¶ 35.) The Complaint alleges that this request violated the CBA. (Id.) Serani provided the requested documentation on October 8, 2022. (Id.) The Complaint says nothing about the content of these documents.

On October 31, 2022, Serani followed up with the District about her catastrophic leave request as she had not yet received a response. (Id.)

Subsequently, the District demanded that Serani be examined by a psychiatrist appointed by the District. (Id. ¶ 37.) Serani refused to submit this examination. (Id.) The Complaint alleges that this demand violated the CBA and also alleges, "[u]pon information and belief," that "the District had not previously had an employee submit to a Psychiatric examination in evaluating a request for catastrophic leave."[3] (Id. ¶¶ 37–38.)

The District ultimately denied Serani's request for catastrophic leave. (Id. ¶ 39.) Serani maintains that, after this leave request was denied, she "had to retire" in November 2022 because she had exhausted all of her other leave and had not yet recovered from her PTSD. (Id. ¶ 40.) The Complaint, alleges, on information and belief, that the District denied Serani's request for

---

[2] According to the Complaint, Serani's "physicians" concluded that, "[a]s a result of her Chronic PTSD," she "had functional impairments and an inability to work at all." (Compl. ¶ 33.) This allegation is contradicted by the actual letters from her providers. Neither of the October 6, 2022 letters from Serani's providers stated she could not "work at all." Rather, both documents merely stated that her PTSD "impairs" her ability to work.

[3] While the Complaint alleges that the District had not previously required an applicant submit to a psychiatric examination, the Complaint does not include a similar allegation concerning requests by the District for additional documents concerning an application for catastrophic leave. (Id. ¶ 38.)

catastrophic leave "because she was suffering from the chronic PTSD, which is a disability under the ADA." (Id.¶ 31.)

The Complaint also alleges that the District denied her request for catastrophic leave because she previously "filed a complaint of discrimination." (Id. ¶ 42.) The only relevant "complaint" referenced in Serani's pleading is the complaint she filed with the NYSDHR alleging age discrimination. (Id.)

The Complaint includes three causes of actions. First, Serani claimed that Defendant violated the ADA by "discriminating against her because of her disability." (Id. ¶ 44–46.) Second, she raised a similar disability discrimination claim under the New York State Human Rights Law ("NYSHRL"). (Id. ¶¶ 47–50.) Third, she brought a retaliation claim under the NYSHRL alleging that Defendant retaliated against her "for her prior complaint of discrimination." (Id. ¶¶ 51–54.)

After the parties filed pre-motion conference letters concerning Defendant's proposed motion to dismiss, Serani voluntarily dismissed her discrimination and retaliation claims under the NYSHRL and removed the one individual defendant who was originally named in the Complaint. (ECF Nos. 13, 16.) Accordingly, Serani's only remaining claim is her disability discrimination claim under the ADA, which Defendant now seeks to dismiss.

## II. DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A

complaint "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## A. **Disability Discrimination Claim under the ADA**

The District asserts that Serani's disability discrimination claim is really a "collective bargaining issue" and "the District's stance on catastrophic leave has nothing to do with any of Serani's purported protected characteristics." (Def. Mem. in Supp. Of Mot. to Dismiss at 9.) According to the District, Serani's purported discrimination claim is "really a contractual dispute" and her claim that "the District's decision to deny her leave request was a discriminatory act rings hollow." (Id. at 9.) Plaintiff insists that she has "pled sufficient facts to show that Defendant discriminated and retaliated against [her] due to her disability and when Defendant denied her request for catastrophic medical leave." (Pl. Opp'n Mem. at 5.)

The Court concludes that Serani has not plausibly alleged that the District's actions in connection with the denial of her catastrophic leave application were because of her disability.

"'[A]t the pleadings stage of an employment discrimination case, a plaintiff has a minimal burden of alleging facts suggesting an inference of discriminatory motivation,' meaning that "'the facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" Cooper v. Franklin Templeton Invs., No. 22-2763-CV, 2023 WL 3882977, at *2 (2d Cir. June 8, 2023) (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015)).

In an effort to allege discriminatory intent, the Complaint alleges that Serani was treated differently than other applicants for catastrophic leave because—based on information and

6

belief—"the District had not previously had an employee submit to a Psychiatric examination in evaluating a request for catastrophic leave." (Id. ¶ 38.) This is insufficient to plausibly allege disability discrimination.

"A plaintiff may raise such an inference by showing that the employer subjected h[er] to disparate treatment, that is, treated h[er] less favorably than a similarly situated employee outside h[er] protected group." Cooper, 2023 WL 3882977, at *3 (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).

The documents from Serani's providers suggested—on their face—that Serani did not have a "catastrophic" illness as that term is defined in the CBA. Her providers did not state that Serani was completely unable "to perform each and every duty" of her job. Rather, the providers stated that her PTSD "impair[ed]" her ability to perform "work duties" and "to work full or part time." (Provider Letters.) Thus, at the very least, the providers' letters raised, on their face, a question as to whether Serani was, in fact, completely unable "to perform each and every duty" of her job.

In light of the above, Serani has not plausibly alleged that she was treated differently than other similarly situated applicants. Critically, Serani has not alleged that any other applicants for catastrophic leave submitted similar documentation that, on its face, suggested that the applicant did not meet the requirements for a catastrophic illness. As such, Serani has not plausibly alleged that she was similarly situated to the other applicants who were not required to submit to a psychiatric examination.

Serani also maintains that the District violated the CBA by: (1) requesting additional documentation from Serani's primary care doctor; and (2) demanding that Serani submit to the psychiatric evaluation. However, merely alleging that the District violated the CBA is insufficient to plausibly allege that Serani was discriminated against because of her disability. Cf. Desir v.

7

Bd. of Co-op. Educ. Servs. (BOCES) Nassau Cnty., 803 F. Supp. 2d 168, 177 (E.D.N.Y. 2011), aff'd, 469 F. App'x 66 (2d Cir. 2012) ("[A] a contract violation standing alone does not indicate racial animus, motive or intent." (citation omitted))).

Moreover, given the content of the letters provided by Serani's providers, this is not even a situation where it can be said that the District clearly violated the CBA. Rather, the District has reasonable arguments that its actions did not violate the CBA. The CBA does not address the situation where a doctor's verification contains language that, on its face, suggests that the applicant's illness does not rise to the level of "catastrophic" as that term is defined in the CBA. Additionally, state law explicitly authorizes the District to require teachers to submit to medical examinations "in order to determine the physical or mental capacity of such person to perform his or her duties." N.Y. Educ. Law § 913. Nothing in the CBA limits the District's ability to demand such an examination in connection with an application for catastrophic leave, particularly when the application raises, on its face, questions about the applicant's eligibility for catastrophic leave.

The Court agrees with Defendant that Serani's disability discrimination claim is really a claim about alleged breaches of the CBA. The Complaint does not plausibly allege that Serani was discriminated against because of her disability.[4]

## B. **Retaliation**

In her opposition brief, Serani also asserts that she has a viable retaliation claim. Specifically, she claims that she "engaged in a protected activity when she went out on medical leave and previously filed a complaint of discrimination" and that there is a casual connection

---

[4] The District also asserts that Serani has not suffered an adverse action because the denial of leave and the District's demand that she submit to a psychiatric examination do not qualify as adverse actions. It is unnecessary to address those arguments because Serani's claim fails for the reasons stated above.

between those protected activities and the denial of her request for catastrophic leave. (Pl. Opp'n Mem. at 8.) The Complaint, however, does not allege a federal retaliation claim.

After the parties filed pre-motion conference letters concerning Defendant's proposed motion to dismiss, Serani voluntarily dismissed her state law discrimination and retaliation claims under the NYSHRL. Accordingly, Serani's only remaining claim is her disability discrimination claim under the ADA. Serani has not alleged a retaliation claim under the ADA or any other federal law.

### III.    CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion to dismiss. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   Central Islip, New York
         March 7, 2025

                                                      ____/s/ (JMA)_____
                                                      Joan M. Azrack
                                                      United States District Judge